IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

    Plaintiff,

vs.                                                                                                                  No. CIV 22-0106 JB/CG

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff James Thor Kirk's failure to prosecute his Wrongful Death Lawsuit, filed February 15, 2015 (Doc. 1)("Complaint"). The Honorable Carmen Garza, Chief United States Magistrate Judge for the United States District Court for the District of New Mexico, directed Kirk to prepay the $402.00 civil filing fee or, alternatively, to file a motion to proceed in forma pauperis. See Order to Cure Deficiencies, filed May 18, 2022 (Doc. 4)("Cure Order"). Because Kirk has not complied with the Cure Order and has severed contact with the Court, and having reviewed applicable law and the record, the Court will dismiss the Complaint without prejudice.

## PROCEDURAL BACKGROUND

Kirk was previously detained at the Cibola County Correctional Institution, and initiated this case on March 7, 2022, by filing the handwritten Complaint. See Complaint at 1. The Complaint seeks at least $7.5 million in damages based on the wrongful death of Kirk's father. See Complaint at 3-4. The Court referred the matter to Chief Magistrate Judge Garza for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed March 1, 2022 (Doc. 2).

Chief Magistrate Judge Garza entered the Cure Order on May 18, 2022. See Cure Order at 1. Consistent with 28 U.S.C. § 1915(a), Chief Magistrate Judge Garza directed Kirk to prepay the $402.00 civil filing fee or, alternatively, file a motion to proceed in forma pauperis. See Cure Order at 1. The Clerk's Office mailed Kirk a blank motion to proceed in forma pauperis with instructions. See Cure Order at 1. The Cure Order warned that the failure to address timely the filing fee may result in dismissal of this action without further notice. See Cure Order at 1.

The deadline to comply with the Cure Order was June 17, 2022. See Cure Order at 1. Kirk does not address the filing fee or otherwise respond to the Cure Order, which Cibola Correctional returned as undeliverable with the notation "gone." Return Mailing Envelope, filed May 27, 2022 (Doc. 5). A search of the New Mexico Corrections Department and Bureau of Prison records reflects that Kirk has now been released from Cibola Correctional, and is no longer in State or federal custody. Kirk has not contacted the Court and has not advised the Clerk of his new address, as D.N.M. LR-Civ. 83.6 requires. The Court will analyze whether to dismiss this case for failure to prosecute and to comply with the Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'"(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002))). As the United States Court of Appeals for the Tenth Circuit explains, "the need to

prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)(emphasis in original).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162. Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162.

Here, Kirk has not addressed the civil filing fee or updated his address, as 28 U.S.C. § 1915(a), D.N.M. LR-Civ. 83.6, and the Cure Order require. In light of these failures, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333

F.3d 1199 at 1204.  The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County. Justice Center.

      **IT IS ORDERED** that: (i) the Wrongful Death Lawsuit, filed February 15, 2022 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a Final Judgment disposing of this civil case.

                                            _____
                                            UNITED STATES DISTRICT JUDGE

*Parties:*

James Thor Kirk
Milan, New Mexico

      *Plaintiff pro se*